**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BEVERAGE DISPENSING SOLUTIONS, LLC,** | **Case No.** |
| Plaintiff, | |
| v. | **PATENT CASE** |
| **THE COCA-COLA COMPANY,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Beverage Dispensing Solutions, LLC ("BDS" or "Plaintiff") filed this Complaint against The Coca-Cola Company ("Coca-Cola" or "Defendant") for infringement of U.S. Patent No. 6,986,263 ("the '263 patent"), U.S. Patent No. 7,356,381 ("the '381 patent"), U.S. Patent No. 8,103,378 ("the '378 patent"), U.S. Patent No. 8,190,290 ("the '290 patent"), U.S. Patent No. 8,290,615 ("the '615 patent"), U.S. Patent No. 8,290,616 ("the '616 patent") and U.S. Patent No. 8,548,624 ("the '624 patent") (collectively "the patents-in-suit" or "asserted patents").

## THE PARTIES

1.      Plaintiff is an Illinois limited liability company with its principal place of business located at 2400 Dallas Parkway, Suite 200, Plano, Texas 75039.

2.      Defendant is a Delaware corporation with its principal place of business located at 1 Coca Cola Plaza NW, Atlanta, Georgia 30313.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district.

5.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; and (B) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Illinois residents.

6.      For example, Defendant has sold, and continues to sell, its Coke Freestyle machines in this judicial district.  Examples of where these machines are located in this judicial district include Burger King, Wendy's, Qdoba Mexican Grill and Rhodes 101 Stop.  In addition, Defendant distributes its beverage products throughout this judicial district.

7.      The named inventor on all of the patents-in-suit, Harry Lee Crisp, III, also resides in this judicial district (Marion, Illinois) and conceived of and reduced to practice the inventions claimed in the patents-in-suit in this judicial district.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 6,986,263)

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

10.     Plaintiff is the exclusive licensee of the '263 patent, entitled "Refrigerator Having a Beverage Dispenser and a Display Device," with all substantial rights to the '263 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '263 patent is attached as Exhibit 1.

11.     The '263 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

12.     Defendant has, and continues to, directly infringe one or more claims of the '263 patent in this judicial district and elsewhere in Illinois and the United States.

13.     In particular, Defendant has, and continues to, infringe at least claims 1, 5 and 6 of the '263 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

14.     Defendant is liable for these infringements of the '263 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

15.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '263 patent by inducing direct infringement by users of its Freestyle machines.

16.     Defendant has had knowledge of the '263 patent since at least service of this action.  On information and belief, despite having knowledge of the '263 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that

infringes the '263 patent, including at least claims 1, 5 and 6, and Defendant knew or should have known that its actions were inducing infringement.

17.     Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '263 patent. For example, see http://www.coca-colafreestyle.com.

18.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '263 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

19.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '263 patent by contributing to the direct infringement of users of its Freestyle machines.

20.     Defendant has had knowledge of the '263 patent since at least service of this action.   Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

21.     The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use.   *See* http://www.coca-colafreestyle.com.   Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '263 patent.

22.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.   Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,356,381)

23.     Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

25.     Plaintiff is the exclusive licensee of the '381 patent, entitled "Refrigerator Operable to Display an Image and Output a Carbonated Beverage," with all substantial rights to the '381 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '381 patent is attached as Exhibit 2.

26.     The '381 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

27.     Defendant has, and continues to, directly infringe one or more claims of the '381 patent in this judicial district and elsewhere in Illinois and the United States.

28.     In particular, Defendant has, and continues to, infringe at least claims 1, 3, 8, 9, 11, 16, 17, 19 and 20 of the '381 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

29.     Defendant is liable for these infringements of the '381 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

30.    Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '381 patent by inducing direct infringement by users of its Freestyle machines.

31.    Defendant has had knowledge of the '381 patent since at least service of this action.  On information and belief, despite having knowledge of the '381 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '381 patent, including at least claims 1, 3, 8, 9, 11, 16, 17, 19 and 20, and Defendant knew or should have known that its actions were inducing infringement.

32.    Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '381 patent. For example, see http://www.coca-colafreestyle.com.

33.    Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '381 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

34.    Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '381 patent by contributing to the direct infringement of users of its Freestyle machines.

35. Defendant has had knowledge of the '381 patent since at least service of this action. Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

36. The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use. *See* http://www.coca-colafreestyle.com. Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '381 patent.

37. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT III

## (INFRINGEMENT OF U.S. PATENT NO. 8,103,378)

38. Plaintiff incorporates paragraphs 1 through 37 herein by reference.

39. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

40. Plaintiff is the exclusive licensee of the '378 patent, entitled "Appliance Having a User Interface Panel and a Beverage Dispenser," with all substantial rights to the '378 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '378 patent is attached as Exhibit 3.

41. The '378 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

42. Defendant has, and continues to, directly infringe one or more claims of the '378 patent in this judicial district and elsewhere in Illinois and the United States.

43. In particular, Defendant has, and continues to, infringe at least claims 1, 2, 3, 4, 6, 7, 8, 9, 14, 15, 16, 23, 24, 25, 26, 27, 46, 47, 50, 51, 54, 57, 58, 59, 60 and 61 of the '378 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

44. Defendant is liable for these infringements of the '378 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

45. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '378 patent by inducing direct infringement by users of its Freestyle machines.

46. Defendant has had knowledge of the '378 patent since at least service of this action. On information and belief, despite having knowledge of the '378 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '378 patent, including at least claims 1, 2, 3, 4, 6, 7, 8, 9, 14, 15, 16, 23, 24, 25, 26, 27, 46, 47, 50, 51, 54, 57, 58, 59, 60 and 61, and Defendant knew or should have known that its actions were inducing infringement.

47. Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '378 patent. For example, see http://www.coca-colafreestyle.com.

48.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '378 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

### INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

49.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '378 patent by contributing to the direct infringement of users of its Freestyle machines.

50.     Defendant has had knowledge of the '378 patent since at least service of this action.   Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

51.     The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use.   *See* http://www.coca-colafreestyle.com.   Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '378 patent.

52.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.   Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT IV

## (INFRINGEMENT OF U.S. PATENT NO. 8,190,290)

53.     Plaintiff incorporates paragraphs 1 through 52 herein by reference.

54.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

55.     Plaintiff is the exclusive licensee of the '290 patent, entitled "Appliance with Dispenser," with all substantial rights to the '290 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '290 patent is attached as Exhibit 4.

56.     The '290 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

57.     Defendant has, and continues to, directly infringe one or more claims of the '290 patent in this judicial district and elsewhere in Illinois and the United States.

58.     In particular, Defendant has, and continues to, infringe at least claims 1, 2, 6, 7, 8, 9, 10 and 11 of the '290 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

59.     Defendant is liable for these infringements of the '290 patent pursuant to 35 U.S.C. § 271.

### INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

60.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to,

indirectly infringe one or more claims of the '290 patent by inducing direct infringement by users of its Freestyle machines.

61.     Defendant has had knowledge of the '290 patent since at least service of this action.  On information and belief, despite having knowledge of the '290 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '290 patent, including at least claims 1, 2, 6, 7, 8, 9, 10 and 11, and Defendant knew or should have known that its actions were inducing infringement.

62.     Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '290 patent. For example, see http://www.coca-colafreestyle.com.

63.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '290 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## **INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))**

64.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '290 patent by contributing to the direct infringement of users of its Freestyle machines.

65.     Defendant has had knowledge of the '290 patent since at least service of this action.  Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

66. The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use. *See* http://www.coca-colafreestyle.com. Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '290 patent.

67. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT V

## (INFRINGEMENT OF U.S. PATENT NO. 8,290,615)

68. Plaintiff incorporates paragraphs 1 through 67 herein by reference.

69. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

70. Plaintiff is the exclusive licensee of the '615 patent, entitled "Appliance with Dispenser," with all substantial rights to the '615 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '615 patent is attached as Exhibit 5.

71. The '615 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

72. Defendant has, and continues to, directly infringe one or more claims of the '615 patent in this judicial district and elsewhere in Illinois and the United States.

73.     In particular, Defendant has, and continues to, infringe at least claims 1, 11, 17, 18, 19, 20, 30, 36, 37 and 38 of the '615 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

74.     Defendant is liable for these infringements of the '615 patent pursuant to 35 U.S.C. § 271.

### **INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

75.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '615 patent by inducing direct infringement by users of its Freestyle machines.

76.     Defendant has had knowledge of the '615 patent since at least service of this action.  On information and belief, despite having knowledge of the '615 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '615 patent, including at least claims 1, 11, 17, 18, 19, 20, 30, 36, 37 and 38 and Defendant knew or should have known that its actions were inducing infringement.

77.     Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '615 patent. For example, see http://www.coca-colafreestyle.com.

78.     Furthermore, Defendant has provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '615 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

79.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '615 patent by contributing to the direct infringement of users of its Freestyle machines.

80.     Defendant has had knowledge of the '615 patent since at least service of this action.  Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

81.     The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use.  *See* http://www.coca-colafreestyle.com.  Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '615 patent.

82.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT VI

## (INFRINGEMENT OF U.S. PATENT NO. 8,290,616)

83.     Plaintiff incorporates paragraphs 1 through 82 herein by reference.

84.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

85.     Plaintiff is the exclusive licensee of the '616 patent, entitled "Appliance Having a User Interface Panel and a Beverage Dispenser," with all substantial rights to the '616 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '616 patent is attached as Exhibit 6.

86.     The '616 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

87.     Defendant has, and continues to, directly infringe one or more claims of the '616 patent in this judicial district and elsewhere in Illinois and the United States.

88.     In particular, Defendant has, and continues to, infringe at least claims 1, 2, 3, 4, 5, 9 and 11 of the '616 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

89.     Defendant is liable for these infringements of the '616 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

90.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '616 patent by inducing direct infringement by users of its Freestyle machines.

91.     Defendant has had knowledge of the '616 patent since at least service of this action.  On information and belief, despite having knowledge of the '616 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that

infringes the '616 patent, including at least claims 1, 2, 3, 4, 5, 9 and 11, and Defendant knew or should have known that its actions were inducing infringement.

92.     Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '616 patent. For example, see http://www.coca-colafreestyle.com.

93.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '616 patent.   In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

94.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '616 patent by contributing to the direct infringement of users of its Freestyle machines.

95.     Defendant has had knowledge of the '616 patent since at least service of this action.   Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

96.     The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use.   *See* http://www.coca-colafreestyle.com.   Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '616 patent.

97.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.   Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## COUNT VII

## (INFRINGEMENT OF U.S. PATENT NO. 8,548,624)

98.    Plaintiff incorporates paragraphs 1 through 97 herein by reference.

99.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

100.    Plaintiff is the exclusive licensee of the '624 patent, entitled "Appliance Having a User Interface Panel and a Beverage Dispenser," with all substantial rights to the '624 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '624 patent is attached as Exhibit 7.

101.    The '624 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

102.    Defendant has, and continues to, directly infringe one or more claims of the '624 patent in this judicial district and elsewhere in Illinois and the United States.

103.    In particular, Defendant has, and continues to, infringe at least claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28 of the '624 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, its Freestyle machines.

104.    Defendant is liable for these infringements of the '624 patent pursuant to 35 U.S.C. § 271.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

105.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '624 patent by inducing direct infringement by users of its Freestyle machines.

106.     Defendant has had knowledge of the '624 patent since at least service of this action.  On information and belief, despite having knowledge of the '624 patent, Defendant has specifically intended for persons who acquire and use the Freestyle machines, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '624 patent, including at least claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27 and 28, and Defendant knew or should have known that its actions were inducing infringement.

107.     Defendant instructs and encourages users to use its Freestyle machines in a manner that infringes the '624 patent. For example, see http://www.coca-colafreestyle.com.

108.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '624 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## INDIRECT INFRINGEMENT (CONTRIBUTORY – 35 U.S.C. § 271(c))

109.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '624 patent by contributing to the direct infringement of users of its Freestyle machines.

110.  Defendant has had knowledge of the '624 patent since at least service of this action.  Despite this knowledge, Defendant has knowingly sold, and continues to sell, its Freestyle machines even though such devices are not staple articles or commodities of commerce suitable for substantial noninfringing use.

111.  The only use demonstrated for Defendant's Freestyle machines on Defendant's website is an infringing use.  *See* http://www.coca-colafreestyle.com.  Defendant's Freestyle machines are especially made and/or adapted for use in infringing the '624 patent.

112.  Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '263 patent, the '381 patent, the '378 patent, the '290 patent, the '615 patent, the '616 patent, and/or the '624 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: November 1, 2013              BEVERAGE DISPENSING SOLUTIONS, LLC

By:    /s/ *Timothy E. Grochocinski*___
       Timothy E. Grochocinski
       Illinois Bar No. 6295055
       Joseph P. Oldaker
       Illinois Bar No. 6295319
       Aaron W. Purser
       Illinois Bar No. 6301930
       INNOVALAW, P.C.
       1900 Ravinia Place
       Orland Park, Illinois 60462
       P. 708-675-1975
       teg@innovalaw.com
       joldaker@innovalaw.com
       apurser@innovalaw.com

       Anthony G. Simon
       Illinois Bar No. 6209056
       John G. Simon
       Illinois Bar No. 6195127
       Benjamin R. Askew
       Illinois Bar No. 6291366
       Michael P. Kella
       Illinois Bar No. 6307908
       Timothy D. Krieger
       Illinois Bar No. 6288320
       THE SIMON LAW FIRM, P.C.
       800 Market Street, Suite 1700
       Saint Louis, Missouri 63101
       P. 314-241-2929
       asimon@simonlawpc.com
       jsimon@simonlawpc.com
       baskew@simonlawpc.com
       mkella@simonlawpc.com
       tkrieger@simonlawpc.com

       **COUNSEL FOR PLAINTIFF**
       **BEVERAGE DISPENSING**
       **SOLUTIONS, LLC**